Good morning. We've all braved the weather and we're all here on time. Thank you. And we have four cases that are scheduled for oral argument this morning. And the first is United States of America v. Terin Moss. And Mr. McCusker is here for Moss. And Ms. Greenwood is here for the government. And Mr. McCusker, are you ready to proceed? Yes, sir. Good morning, Judge Branch, Judge Wilson, Judge Anderson, Counsel Greenwood. I'm Steve McCusker for the appellant Terin Moss. We are here today regarding Georgia's scheme involving crimes of violence and violent felonies in the Armed Career Criminal Act. These two statutes and areas of law share something in common. They are both confusing, confounding, conflicting, and courts are divided in particular relative to the issue of intent and physical force. I have referred multiple times to this argument that I have attacking Georgia's aggravated assault statute as failing to meet the generic standard for an aggravated assault. If the court would allow, my argument would have been better suited by arguing that it fails to meet the criteria for a violent felony, which involves the question whether or not there was the active employment of the use of physical force and whether or not the force was violent. Let me ask you this question because we've got an issue of first impression here today. And we've not previously decided whether a conviction for Georgia's aggravated assault statute, at least the 2002 version, qualifies as a violent felony under the Armed Career Criminal Act in a published opinion. But we have decided that a similar statute in Florida, Florida's aggravated assault statute, qualifies as a violent crime under the Armed Career Criminal Act. And when I compare the two statutes, and I'm talking about Turner v. Warden, which we decided in 2013, when I look at those statutes there, I mean, it's almost exactly the same. How do we say that Georgia's not qualified but Florida's does? Your Honor, I apologize. I did not look at Turner in the last few days. I know they are similar, but I would submit that the Georgia statute has a more amoebic quality than Florida's aggravated assault. There are two problems with Georgia's aggravated assault statute. They have basically turned anything into a per se dangerous weapon. Anything that somebody uses in an aggravated assault setting can be interpreted and treated as a dangerous weapon. And the tradition in aggravated assault law is that once a dangerous weapon is employed, it's practically strict liability. And there is nothing that requires the use of any physical activity when you look at the Georgia assault statute, which imposes criminal liability when the purported victim has a reasonable apprehension of harm. It does not require any active employment of any physical action on behalf of the actor. Counsel, the answer to Judge Wilson's question, I was looking for my copy of our Turner opinion, but the reason that does not control, this is a question favorable to you, incidentally, the reason it does not control is that the court there assumed expressly that the Florida statute required intent. And in Georgia, the Patterson case in the Supreme Court of Georgia held that the Georgia statute does not require intent. That is the difference and that's why the Eleventh Circuit Turner decision does not control or is not even persuasive in my opinion, because the government can tell me why I'm wrong if they think of a reason I'm wrong. But in my judgment, that's the answer to Judge Wilson's question. Well, that must be why I didn't remember it, because it didn't apply. And I thank you for that. And you brought up Patterson. And here's the curious thing about Patterson and Georgia's it tells you that the court says no specific intent is required. And in that same sentence where they tell you that no specific intent is required, they incredibly continue the sentence and tell you in so many words that general intent to injure is required. Well, general intent to injure, that is specific intent. So they can't make up their mind what their law means. The problem with Georgia's aggravated assault statute, I think, is larger than this federal body of law. I was just reading this Congressional Research Service, the federal crime of violence definition. Georgia's aggravated assault law, I've been in the trenches. You cannot defend against it. And here's the reason why. One of the reasons why. What is a dangerous weapon or something that is likely to or could be is open to the wild imagination of the jury. In my case, under the Shepard document that is allowed, the indictment not the police report, it says that the aggravated assault was committed with the person's mouth. Well, now, that begs the question. Did the defendant berate the officer or the victim with his mouth creating a reasonable apprehension? How do you commit an aggravated assault with your mouth? If it was he bit him with his mouth, you know what? The district attorney would have put that in the indictment. Fact of the matter is, he didn't bite him in his mouth. They're trying to extract drugs out of his mouth. Now, given those facts that are part of the record, we don't have an active employment force. We don't look for the facts in order to make that determination under the elements clause, do we? I'm sorry, Judge. I'm having hearing problems. If you — If we apply the categorical approach, we don't look to the facts. We look to the elements of the offense, don't we? It depends on what part of the country you're in, whether you look at the categorical, the alternative, or the divisible. All right. Or the modified categorical. I think we have a divisible and modified categorical. Sounds like your argument ought to be that we're bound by the Georgia Supreme Court's decision in Patterson v. State, right? Yes, sir. They say that no specific intent is required, and I think that's contrary to the federal — I hate to say federal generic law, but I think it also fails the test of the active employment of physical force and a serious injury. You have another hurdle, though. Even if you get over that, there's a split of authority as to whether or not a reckless act can qualify under the elements clause. And in order to prevail, you have to persuade us that the First Circuit in Bennett and the Fourth Circuit in Middleton are right, and I think there are three circuits on the other side. Is that not correct? That is absolutely correct, and my ability to convince this court to side with one group of circuits versus another is beyond my capabilities. If you're going to allow — the circuit said — and that's going to be a fact specific, because the line between reckless conduct and intentional conduct, in my opinion, is — it's a thin blue line. In Patterson, the guy argued that he recklessly drove the car into the house and pinned the guy against the house with a car. That's not reckless. That's intentional. He can say it's reckless, but it's intentional. So is it like — if it's like Leocol says, if it says there's a difference between whether or not I push somebody or whether or not I stumble into them, now we have something to work with whether or not you recklessly stumbled into somebody or you pushed them. When you stumbled, was it because you were being a clown? That would be reckless. The stumbling — just an innocent — that would be an accident. So I agree. We're tied up on this recklessness issue in the men's ray, but I think it's great that we're talking about men's ray in the criminal world in the first place. But I think we've gotten — I think Georgia's — at the end of the day, the Georgia statute even goes beyond the issue of whether or not recklessness is included. The way Georgia statute is written, it encompasses any conduct. You can say or do anything. Doesn't matter what you say or do. If it causes the victim reasonable apprehension, you're guilty. So what about in the Georgia statute, the aggravated assault statute? It does say with a deadly weapon, but it also says when used offensively against a person. That is likely to or actually does. The problem I have with that is likely to. But you were saying that it's just the per se use of a weapon, but here it is a weapon being used offensively against a person. So how do you address that? My answer to that question is anything can be used offensively. Any object in this room can be used offensively. So how do you say that my use of this pen, which is a deadly weapon, used properly, is a deadly weapon? And I understand your question, and it's a very valid question. But the problem is that they have taken anything that can be used as a deadly weapon that is likely to or could be. Does that mean hypothetically or does that mean in the actual facts of the case? When it says likely to, that sounds like it's hypothetically. If it was capable of, some statutes say that's capable of or, you know, known to be. They've taken this pen and made it a per se, and they're treating it as a per se dangerous weapon. And this law that's been created started with a gun, brandishing of a gun, which everybody knows is per se. The person, you know, on both sides of the gun, they know why somebody pulled that gun out, and there is almost a strict liability. It's per se you're assaulting the person, you're intimidating the person. But, see, that's, I think, where the language is coming into play. As you're standing there right now, nobody presumes that just because you're holding a pen that that's a deadly weapon. But if you were to use it offensively against somebody, a pen, in fact, could be a weapon. Anything in here could be. The clock, the chair, the pen, the microphone, it's limitless. That's not something that's fair to a defendant because then the jury can say anything is an offensive weapon. And that's not fair to the defendant. It's an indefensible case for a defense attorney. All right. Thank you, Mr. McCusker. Thank you, sir. I think you've reserved some time for rebuttal. We'll hear from the government. Ms. Greenwood. Thank you, Your Honor. Excuse me. I'm sorry. I thought you said something. Ladies and gentlemen, Your Honors, counsel, may it please the Court. I'm Nancy Greenwood. I'm an assistant United States attorney in the Augusta Branch Office of the Southern District of Georgia. The issue that this Court, as Judge Wilson and you pointed out, is an issue of first impression, whether or not Georgia's aggravated assault statute meets the elements clause of the definition of violent felony under the Armed Career Criminal Act. We submit that it meets that clause categorically. And let me first start by talking about the elements clause. The elements clause itself requires the use, attempted use, or threatened use of force, physical force, against the person of another. And the Supreme Court has carved out some pretty clear parameters around what physical force means. It means violent force. The Curtis Johnson case said that Florida's battery statute did not meet the elements clause, did not meet the physical force requirement, because a mere unwanted touching was enough. And yet violent force, physical force, is what is required for it to be a violent felony under the elements clause, under this definition of a violent felony. There are also parameters that have been set by the Supreme Court with regard to what is use, that the use cannot be accidental. Leo Cowles said that, said it cannot be accidental. The use of that force must be volitional. And as this, as I believe Judge Anderson was alluding, the Voisin case suggests that reckless use of force is sufficient to meet the elements clause. There, the Supreme Court was examining a different kind of statute. It was examining the definition of what qualifies as a misdemeanor crime of violence, domestic violence. But again, it had the same sort of elements clause, attempted use, threatened use, or physical use. That same split of authority among the circuits relates to whether or not the Voisin Supreme Court decision in the domestic violence context, whether or not it is persuasive or controlling in the ACCA. Is that not correct? First and Fourth Circuit hold that it does not carry over and that recklessness is not enough under the ACCA elements clause, whereas the Sixth and Tenth and D.C. circuits, I think, hold that it is. So we would have to decide that. That is correct, Your Honor. And I don't even know that this Court needs to reach that decision in this case because the elements clause is met by, categorically, by the aggravated assault statute under the assault prong of the aggravated assault statute. And let me explain how that happens. To commit an assault, and obviously this Court knows that we first need to eliminate whether or not the categorical approach applies before we even go and look at modified categorical approach. And if either of the elements applies categorically in every circumstance, then we don't need to look at modified categorical approach. And in this case, I believe that aggravated assault does qualify. Assault, there are two means by which a simple assault can be carried out in Georgia. The first is an attempt to violently injure somebody. Well, that clearly matches up with an attempt to engage in physical force against the person of another, and therefore I think that obviously is going to qualify under the elements clause. The more questionable means by which simple assault can be accomplished is the secondary clause, which requires an intent to commit an act that reasonably causes another person to have apprehension that they're going to suffer immediate violent injury. And the reason that clause also qualifies under the elements clause is because, as you've stated, in Patterson, Patterson says that there's no intent, unlike the Turner case, where the language is very clear. In the Turner case, it states that the definition is an intentional, unlawful threat by word or act to do violence to the person of another. Well, importantly, this apprehension clause or portion of the simple assault requires a demonstration. For that apprehension to be reasonable, you have to have a reasonable apprehension. For it to be reasonable, you have to, the defendant has to have demonstrated violence. So explain how you get around Patterson v. State then. So Patterson v. State is just talking about whether or not you have to intend to cause the fear. Patterson says when I'm committing an act, a physical, forceful act, I don't have to intend to cause the fear. That's what Patterson says. But I have to intend to do the act. So the physical force portion of it, that intent still exists. It's a general intent to engage. Why does that not include recklessness? Well, I think it can include recklessness. I agree. I think that Patterson holds, doesn't just say. I think it holds that recklessness is enough to satisfy the Georgia aggravated assault statute in the very prongs we have at issue here. Right. And Voisin then carries it to the next step, which is reckless assault. I agree with that. If you can persuade us that the 6th and 10th and D.C. circuits are correct and the 1st and the 4th circuits are incorrect with respect to the issue of whether recklessness is enough to satisfy the elements clause, then you can prevail. Unless you can persuade us of that, it seems to me you do not prevail. Am I wrong? Well, I think that that may be true, although I believe that in this particular case, because the Georgia statute with regard to simple assault has the second part to it, not just whether or not you intend to commit the act and whether or not you do that, whether that intent is reckless or intentional or knowing, but that it has this other part to it which really plays into the physical force part of the elements clause. And this is the part that has to do with the reasonable apprehension. In order to reach, in order to meet the reasonable apprehension portion of that clause in the assault statute, you have to demonstrate, the defendant has to demonstrate violence and couple that with the ability to immediately carry that violence out. Let me see if I understand this by posing a hypothetical. Okay. Let's assume I'm walking in Atlanta Stadium and someone cuts in front of me in line. And I pull out of my pocket a pocket knife and I say, if you ever do that again, I'm going to stab you. Is that a simple assault under the 2002 Georgia statute? The threat is if you ever do that again. I'm going to stab you. You're using physical force. I will stab you. I think there's some question there as to whether or not you are threatening to commit immediate, whether or not your threat is stating that you intend to commit or that the force will be immediate. And that's where the problem with that hypothetical is. But if instead the person pulls the knife and says, you know, you really made me mad and you're in trouble now, that meets it because not only — and with or without the weapon. Again, the weapon adds this other element on aggravated assault that under the modified categorical approach automatically makes this — Under my hypothetical, you changed my hypothetical. Under my hypothetical, is that reckless? No. That's a threat to commit some act in the future. That's not a threat of immediate harm. But you're using physical violent force, aren't you? You're using physical violent force to threaten something in the future. I think that now, you know, there's an argument to be made, again, whether or not the words or the actions are the things to take into consideration. If you merely take into consideration — and again, I think the difficulty here is when you pull in a knife to this part of the analysis, you're kind of stepping out of just looking at whether or not simple assault is enough. Because we know that with a deadly weapon, it's enough. Under the modified categorical approach, there's really no question whether or not that aggravator of using an item as a deadly weapon is going to ramp it up to the use, attempted use or threatened use of physical force against another to meet the elements clause. So it's really more about whether or not the apprehension portion of simple assault is enough on its own to carry the day under the elements clause. And I submit that it is, largely because that language that we require that's stated in the Daniels v. Georgia case, that's brought up in the Lewis v. Georgia case, and that's compared in the Lewis case against the Johnson v. Georgia case from 1981, those are the cases that really speak to what it means and what is involved in creating that reasonable apprehension. And what it requires is a show, a demonstration of violence. It doesn't require a weapon. It doesn't require the aggravating factors. In the Daniels case, we have a man whose granddaughter is a student at an elementary school, and he goes to a meeting, and he confronts the teacher and the principal forcibly, not with a weapon, but he is in their face. This is your fault. My granddaughter's not doing well. It's your fault. And as much as the teacher or principal tried to end that meeting, excuse me, tried to end that meeting and stop the aggression, it didn't happen. He kept stepping in her way. He kept keeping her from leaving. And that was enough. That was a reasonable, created a reasonable apprehension. Let me ask you this question. You are making a forceful argument that the language of the assault, simple assault statute, 16520A2, reasonable apprehension, requires force. I think there's an even better argument that the aggravated assault statute, 16521A2, which has the language that Judge Branch was talking about, a weapon, anything that's used offensively as a weapon against a person, I would interpret that to be intentional myself. And there's a lot of Supreme Court, like Leo Cowell and so forth, suggest that. Absolutely. But the problem is, and the problem for this case and your case, it seems to me, is that the Patterson decision of the Supreme Court of Georgia, which is the law of Georgia, says that it is not intentional. And it says that this statute, aggravated assault under the same prongs we've got, can be satisfied with a recklessness mens rea. It says it most precisely at page 178, where it's quoting the Court of Appeals, which said, the State was not required to show an intent to injure or that Patterson intended to place Silvers, who was the one pressed against the mobile home with the car, was, you don't have to have intent to place him in reasonable apprehension. And that case involved both simple assault and aggravated assault. So it seems to me my natural reading of this language of the statute has been overcome by the Supreme Court of Georgia and Patterson, which flatly holds that recklessness is enough. And incidentally, the reason we know recklessness is enough, because the issue in that case, was whether the court should have given instruction on a lesser included offense of reckless driving. And the court held, because the mens rea in the charged crime, aggravated assault, was the same as in the lesser included offense, it wasn't necessary. So it seems clear to me that recklessness is enough under the Georgia Supreme Court Patterson case. Am I wrong about that? Your Honor, you're not wrong, if I may answer your question. I think that the Patterson case certainly says that it is the mens rea requirement regarding making a threat or causing somebody to have fear. There's no specific intent there. But there still is a requirement that you mean to do the act. And I agree that the Voisin case carries the day on whether or not that intent element is enough. But I think that where we get into the whether or not it's a categorically, the assault charge categorically, just the simple assault, is enough to trigger the elements clause of an armed career criminal act, you have to couple that intent, reckless or not, with the fact that the defendant is demonstrating violence and has the immediate ability to carry it out similar to the language in the Turner case, the Florida aggravated assault, that is categorically determined to be a crime of violence under the elements clause. Thank you. Thank you, counsel. Mr. McCusker, you've reserved some time for rebuttal. Thank you. If I can get up here within the three minutes time, thank you. Judges, the government says that the statute should require violent force. It's required. That's not Georgia's statute. Georgia's statute looks at whether or not there was reasonable apprehension on the person. That is an amorphous concept. It doesn't address the conduct of the actor sufficiently. That's what the law should focus on. What was the act and the intent of the actor? Not the victim. This isn't civil court. This is criminal court. And then the other elemental issue is that the action should be relational, intentional, aggressive. And now we're at the point where we're dragging this dirty, wet mutt in of reckless conduct. Reckless conduct is becoming a huge animal in jurisprudence because we're ignoring the fact that some of these statutes do not require the proper men's right. And I would submit to you that if you look at the cases where they do allow recklessness, they might be similar to the fact pattern in Patterson, which, excuse me, while the defendant might maintain it was reckless, when you drive a car into a house and somebody, there's nothing reckless about that. You can claim it's reckless, but that's an intentional act. For him to say it's reckless is different. So I think when we say reckless conduct is included by some circuits, I think they're talking about some pretty sloppy, maybe there's some intentional sloppy act in there. It's not like you get in the car after you've had a few drinks. When a prosecutor in Georgia looks at aggravated assault, they'll tell you it's the best law there is, and it's very simple. They don't have any burden of proof with a jury on Georgia's aggravated assault because it says anything and nothing. An 11th Circuit Court of Appeals judge can look at the statute and piece together parts of it and say, if you put these together, you have a requirement of intent and violent conduct and all that kind of stuff. But we don't have 11th Circuit judges sitting on the jury panel. It's a bad law, and it fails to meet the test for a violent felon. All right. Thank you, Mr. McCusker. I see you were appointed by the court to represent Mr. Moss, and the court thanks you for your service. Thank you, sir. Pleasure to be here.